OPTIMAL HEALTH CARE SERVICES, INC., Individually and on Behalf of the Estate of Vincent Sharlo, Plaintiff,

v.

TRAVELERS INSURANCE CO., Defendant.

Civ. A. No. 1–91–CV–0920.

United States District Court, E.D. Texas, Beaumont Division.

April 21, 1992.

William Thomas Johnson, Beaumont, Tex., for plaintiff.

Kent Ewing Westmoreland, Claude L. Stuart, III, Phelps Dunbar, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Travelers Insurance Company moves for summary judgment against Optimal Health Care Services, Inc. on the grounds that the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (1985) preempts Optimal's state law causes of action.

Vincent Sharlo, a retired employee of Texaco, Inc., was a participant in the Texaco Medicare Supplement Plan (TMS Plan), a group policy issued to Texaco by Travelers. Optimal provided medical care to Sharlo, and Sharlo assigned his benefits from Travelers under the TMS Plan to Optimal. Travelers denied payment on Optimal's claims. Optimal sued in state court for breach of contract, breach of the duty of good faith and fair dealing, and statutory violations of the Texas Deceptive Trade Practices Act (DTPA), Tex.Bus. & Com. Code Ann. § 17.41, et seq. (Vernon 1987), and article 21.21 of the Texas Insurance Code (Vernon Supp.1991). Optimal sought attorneys fees and punitive damages under the DTPA and § 38.001 of the Texas Civil Practice and Remedies Code (Vernon 1986). Travelers removed to this court on diversity grounds and now moves for summary judgment.

Summary judgment is proper where no genuine dispute exists as to any material fact and the law entitles a party to judgment. Fed.R.Civ.P. 56(c).

The summary judgment evidence reveals that the TMS Plan is an "employee benefit plan" within the meaning of ERISA and that Sharlo was a "participant." Under ERISA, an "employee benefit plan" provides its participants or their beneficiaries, through insurance or otherwise, "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death...." 29 U.S.C. § 1002(1). A "participant" includes any employee or former employee who is or may become eligible to receive a benefit of any type from an employee benefit plan. 29 U.S.C. § 1002(7).

State law claims that "relate to" an employee welfare benefit plan are preempted by ERISA. 29 U.S.C. § 1144(a). State law actions to enforce rights under an ERISA plan "relate to" the plan and are preempted. *See Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387, 390 (Tex. 1991) (state law claims for nursing care denied under plan relate to plan and are preempted); *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988) (where hospital sued as assignee of rights under a plan, hospital's state law claims for insurers failure to pay under plan preempted). Optimal's state law claims are preempted by ERISA. *See Hermann Hosp.,* 845 F.2d at 1290 (breach of contract); *McManus v. Travelers Health Network of Texas,* 742 F.Supp. 377, 379–80 (W.D.Tex.1990) (breach of duty of good faith and fair dealing); *Southland Life Ins. Co. v. Estate of Small,* 806 S.W.2d 800, 801 (Tex.1991) (DTPA and Insurance Code).

Furthermore, Optimal's state law claims are not protected under ERISA's "savings" clause which exempts from preemption any state law that "regulates insurance" and which does not conflict with ERISA's civil enforcement scheme. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987) (state law breach of contract and duty of good faith and fair dealing not saved); *McManus,* 742 F.Supp. at 382 (DTPA not saved); *Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 763–64 (5th Cir.1989) (Tex.Ins.Code art. 21.21 not saved). Optimal's claims for attorneys fees and punitive damages are inconsistent with ERISA's civil enforcement scheme and must be dismissed. *See Cathey,* 805 S.W.2d at 391 (exemplary damages and attorneys fees not provided under ERISA).

Accordingly, Travelers's motion for summary judgment is GRANTED.