**John INSINGA, as Personal Representative of the Estate of Mildred Insinga, Deceased, Plaintiff–Appellant,**

**v.**

**Michelle LaBELLA, et al., Defendants,**

**Humana, Inc., d/b/a Biscayne Medical Center, Defendant–Appellee.**

**No. 86–5906.**

United States Court of Appeals, Eleventh Circuit.

June 30, 1989.

Freiden & Hirsch, P.A., Joel D. Eaton, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for plaintiff-appellant.

---

Henry Burnett, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Daniel F. Beasley, Miami, Fla., for defendant-appellee.

Before HILL, Circuit Judge, HENDERSON *, Senior Circuit Judge, and MURPHY **, District Judge.

PER CURIAM:

The facts of this case are set out in the original panel decision certifying a question of law to the Supreme Court of Florida pursuant to Rule 9.150, Florida Rules of Appellate Procedure. *Insinga v. LaBella, et al.*, 845 F.2d 249 (11th Cir.1988). We certified the following question:

> Whether Florida law recognizes the corporate negligence doctrine and whether it would apply under the facts of this case.

The Florida Supreme Court rephrased the certified question as follows:

> Whether prior to October 1, 1985 (the effective date of section 768.60, Florida Statutes (1985)), hospitals owed a duty to their patients to select and retain competent physicians who, although they are independent practitioners, would be providing in-house patient care through their hospital staff privileges.

That court then answered the restated question in the affirmative. *Insinga v. LaBella*, 543 So.2d 209 (Fla. 1989). Since the district court expressed a view contrary to that of the Florida Supreme Court, its judgment must be reversed.

Accordingly, the judgment of the United States District Court for the Southern District of Florida is REVERSED and the case is REMANDED for proceedings consistent with the decision of the Supreme Court of Florida.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.