**OPTIMAL HEALTH CARE SERVICES, INC. Individually and on Behalf of the Estate of Vincent Sharlo**

v.

**TRAVELERS INSURANCE CO.**

**Civ. A. No. 1:91–CV–0920.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 2, 1992.

William Thomas Johnson, Beaumont, Tex., for plaintiff.

Kent Ewing Westmoreland, Claude L. Stuart, III, Phelps Dunbar, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Optimal Health Care Services, Inc. sued Travelers Insurance Company for various state law claims related to medical care that Optimal provided to an employee of Texaco pursuant to an employee benefit plan issued to Texaco by Travelers. Travelers moved for summary judgment on February 28, 1992. Optimal did not respond. This court granted summary judgment to Travelers against Optimal on April 21, 1992 on the grounds that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (1985) preempts Optimal's state causes of action.

Optimal now moves this court for relief from the summary judgment under three provisions of Federal Rule of Civil Procedure 60(b). Optimal argues for relief from judgment because of excusable neglect, fraud, and manifest injustice. Rule 60(b) allows a court in its discretion to grant relief from a judgment on proper motion in case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Optimal fails in its burden to establish grounds for relief under any of the three provisions of Rule 60.

## EXCUSABLE NEGLECT

Optimal asserts that its failure to respond to the motion for summary judgment was the result of excusable neglect. To obtain relief under Rule 60(b)(1), a party must (1) show excusable neglect and (2) demonstrate a defense that probably would have been successful. *Solaroll Shade and Shutter v. Bio–Energy Systems*, 803 F.2d 1130, 1133 (11th Cir.1986).

When a party files a motion for reconsideration of a summary judgment and in support of that motion submits materials that the attorney negligently or carelessly failed to file on time, then the court abuses its discretion if it reopens the case and considers the evidence. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *Insinga v. LaBella*, 876 F.2d 883, 882 (11th Cir.1989). An attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation. *Solaroll*, 803 F.2d at 1133.

Optimal asserts that its failure to respond timely was the result of communication problems between lawyer and client, inability of its lawyer to properly research and respond to the summary judgment motion due to involvement with other, more pressing litigation, and on lack of knowledge of the local rules in the Eastern District of Texas. Plaintiff did not move this court for an extension of time to respond to the motion for summary judgment either on the basis of his crowded schedule or on the grounds that he was unable to contact his client. Nor does Optimal's attorney assert an adequate excuse for failing to inform himself of the local rules in this district, a copy of which could have been had by making a single telephone call to the clerk of the court. Accordingly, Optimal's neglect cannot be said to have been excusable.

The second requirement of Rule 60(b)(1) is that the moving party must present a meritorious defense. *Solaroll*, 803 F.2d at 1133. A meritorious defense is one that probably would have been successful. *Id.* Even if the court had the benefit of the materials provided by Optimal when it was deciding the summary judgment, it is unlikely that a different outcome would have resulted. Optimal's papers do not contest the facts and law underlying this court's order of summary judgment: that Optimal's patient was a statutory "participant" in an "employee benefit plan" under ERISA, that Optimal's state law claims

"relate to" that ERISA plan, and that such claims are preempted. *See Optimal Health Care Services v. Travelers Ins.*, 791 F.Supp. 163, 164 (E.D.Tex.1992).

Had the court granted default judgment for failure to respond rather than summary judgment based on a review of the uncontroverted summary judgment evidence, cause for relief from judgment might well exist. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981). This is not a default judgment case but a summary judgment case. The dismissal was not entered because Optimal failed to respond. Rather, the court acted on the record before it to rule on the merits. That the court failed to inform Optimal of its intention to take up the motion without a hearing and two months after filing, rather than two years, is irrelevant. Summary judgment is judgment on the merits. Default judgment is seldom granted except as a penalty for discovery abuse.

### FRAUD

■ Optimal alleges that it is entitled to relief from judgment because Travelers committed fraud by failing to give Plaintiff the ERISA-mandated notice of the review procedure for a denied claim. The party moving for relief from a judgment under Rule 60(b)(3) must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct (2) in obtaining the judgment (3) that prevented the moving party from fully and fairly presenting his case. *Montgomery v. Hall*, 592 F.2d 278, 278–79 (5th Cir.1979); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978).

■ First, Rule 60(b)(3) seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics, not to provide a backdoor to undermine an otherwise valid merit-based dismissal of an action based on fraud or dishonesty. *See Rozier*, 573 F.2d at 1339

[60(b)(3) aimed at unfairly obtained judgments, not factually incorrect judgments]; *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir.1989) [60(b)(3) not a means to relitigate the merits]. However, the misconduct need not rise to the level of fraud on the court to justify relief from judgment. *See Rozier*, 573 F.2d at 1338.

■ Second, Rule 60(b)(3) is aimed at misconduct which occurs between the time the plaintiff files a lawsuit and the time the court enters judgment. A construction allowing plaintiffs in fraud cases to assert that the fraud underlying their claim is grounds for relief from a judgment on the merits of that claim would impermissibly give those plaintiffs a second bite at the apple.[1] Because Plaintiff's fraud allegation is merely a restatement of the claim which this court dismissed on its merits, Plaintiff fails to allege a fraud by the defendant in obtaining the judgment.

■ Third, Rule 60(b)(3) requires that the misconduct prevented the movant from fully and fairly presenting his or her case or defense. *Rozier*, 573 F.2d at 1339. Unlike new evidence covered in Rule 60(b)(2), the misconduct need not be of such nature that it would have altered the outcome to merit relief from judgment, *Id.; see also Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir.1975). Nor must it rise to the level of fraud on the court, as in motions filed more than one year after the judgment. *Rozier*, 573 F.2d at 1338. Rather, the misconduct must be of such a nature as to "preclude the 'fair contest' which the Federal Rules of Civil Procedure are intended to assure." *Rozier*, 573 F.2d at 1346. Optimal has not shown that any fraud by Travelers precluded it from fully and fairly presenting its case. Information regarding the alleged fraud was available to Optimal from the outset of this litigation. Optimal's failure to fully and fairly present its

---

1. Evidence of the underlying fraud could support a motion for relief from judgment where such evidence came to light only after entry of judgment. However, such relief would be available only under Rule 60(b)(2), providing for "newly discovered evidence which by due dili-

gence could not have been discovered in time to move for new trial under Rule 59(b)." Of course, concealment of evidence that continues into the post-filing period would be covered by the fraud provision of Rule 60(b)(3).

case resulted not from any misconduct by Travelers, but by Optimal's own attorneys.

## MANIFEST INJUSTICE

Optimal also argues for relief from judgment under Rule 60(b)(6) on the grounds that Travelers will be unjustly enriched by summary judgment. To justify a relief from judgment under Rule 60(b)(6) the newly submitted evidence must establish a fact so central to the litigation that it shows the initial judgment to have been manifestly unjust. *Lavespere*, 910 F.2d at 173. Optimal contends that Travelers fraudulently induced Optimal to provide certain medical care that Travelers knew the benefit plan did not cover. In support of this argument, Optimal relies on previously unpresented evidence of what it calls a collateral, non-ERISA contract. Unfortunately for Optimal, this court may not consider evidence available before judgement that was negligently or carelessly filed after judgment.[2] *See Lavespere*, 910 F.2d at 173; *see also supra* at 2–3.

## CONCLUSION

Optimal is not entitled to relief from judgment under Rule 60(b). Accordingly, Optimal's Motion to Vacate Order of Dismissal is denied.

---

**2.** The prohibition of *Lavespere* applies only to previously available evidence that was not filed because of negligence or carelessness. This court could consider evidence that was available before judgment that is presented after judgment if, for example, newly discovered evidence revealed the importance of previously known evidence.