**FIRST NATIONAL BANK OF LOUISVILLE**

v.

**Loretta LUSTIG, et al.**

**Civ. A. Nos. 87–5488, 88–1682.**

United States District Court, E.D. Louisiana.

Sept. 15, 1993.

---

Patrick M. Ardis, Elizabeth A. McNeill, Wolff Ardis, William E. Brown, Barry W. Ashe, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, LA, for plaintiff.

Larry L. Simms, Gibson, Dunn & Crutcher, Washington, DC, John J. Swenson, Michael P. McNamara, Mary Lee Wegner, Gibson, Dunn & Crutcher, Los Angeles, CA, Frederick F. Bott, Matt J. Farley, Allen F. Campbell, Ellis B. Murov, Duris L. Holmes, Deutsch, Kerrigan & Stiles, New Orleans, LA, for The Aetna Cas. and Sur. Co. and Federal Ins. Co.

## ORDER AND REASONS

MENTZ, District Judge.

Aetna Casualty and Surety Company and Federal Insurance Company ("Sureties") ask the court to exclude defendant Kevin Dewitt's guilty pleas. For the reasons that follow, the court finds that the guilty pleas are admissible at trial.

### I. BACKGROUND

Dewitt agreed to plead guilty in January, 1989, to violating 18 U.S.C. § 1005 in the criminal case that is the companion to this

civil action. The United States District Court for the Western District of Kentucky rejected as too lenient the sentencing agreement upon which the guilty plea was conditioned. Dewitt withdrew the plea. While an appeal of this court's grant of summary judgment in the civil matter was pending before the United States Court of Appeals for the Fifth Circuit, Dewitt pleaded guilty under a similar plea agreement accepted by the district court in Kentucky. The Sureties argue that the pleas should be excluded because they are the product of a fraud on the court resulting from (1) the sentencing judge's financial interest in FNBL's holding company and (2) FNBL's involvement in drafting the superseding information to which Dewitt ultimately pleaded guilty. Fifth Circuit in remanding this case refused to decide the admissibility of Dewitt's guilty pleas. The court, however, found that if admissible, the pleas are not controlling but are evidence to be considered with all the facts of the case. *First Nat. Bank v. Lustig*, 961 F.2d 1162, 1169 (5th Cir.1992). The Sureties ask the court to exclude both guilty pleas on four grounds, each of which the court separately takes up and finds meritless.

## II. LAW AND DECISION

### A. FRAUD ON THE COURT

#### 1. Magistrate's Recommendation

This court referred the motion for exclusion of the guilty pleas to the magistrate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The magistrate conducted a brief period of discovery, held an evidentiary hearing, and recommended that the guilty pleas should not be excluded on the ground asserted.[2] The magistrate dictated his reasons into the record at the July 19, 1993, evidentiary hearing during which he found that no fraud was perpetrated on the court.[3] No evidence suggests that Dewitt

did not commit the crime to which he pleaded guilty, the magistrate found. Further, no evidence suggests that he was charged with an improper offense or that the facts or "relied upon" language in the superseding information were untrue.[4] The magistrate concluded that no fraud on the court exists if the plea was legitimate.[5] He further found that Judge Thomas A. Ballantine Jr.'s participation in the criminal case did not result in any fraud on the court. Thus, the magistrate found it unnecessary to rule on the judge's ethical position. The magistrate further found that, even if First National Bank of Louisville ("FNBL") suggested some language of the superseding information, the Sureties do not contend that any of the language or information was false. Thus, the magistrate concluded that no fraud has been perpetrated on the court.[6]

#### a. Standard of Review

The district court reviews the magistrate's decision *de novo* where a party objects. 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.) *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989); *In re Holywell Corp.*, 967 F.2d 568, 571 (11th Cir.1992).

#### 2. Arguments

#### a. FNBL's Manipulation of the Criminal Proceeding

The Sureties argue that FNBL's participation in the guilty plea proceedings constitutes a fraud on the court. The Sureties allege[7] that FNBL manipulated the criminal proceedings to have the United States include language in the superseding information that would benefit FNBL in proving its civil claim before this court.

The Sureties argue that the magistrate erred by not considering proffered expert

---

1. Doc. 1954.

2. Doc. 2099.

3. Doc. 2097, at 4.

4. *See* discussion *infra, 2. Arguments; FNBL's Manipulation of the Criminal Proceeding.*

5. Doc. 2097, at 7.

6. Doc. 2097, at 8–9.

7. The court notes that the Sureties couch their allegations in the form of questions they list in their motion.

testimony[8] that would clarify the nature of FNBL's fraud. FNBL's alleged fraud consists first, of using its influence to insert "relied upon" language[9] and substantive charges[10] into the superseding information to which Dewitt ultimately pleaded guilty, and second, representing to the court that the language and charges were the independent product of the U.S. Attorney. They argue that the magistrate's reasoning is faulty because he conditioned his ruling on the belief that the information in the superseding information was true, thus making any FNBL participation in its formulation irrelevant. The Sureties argue that the truth or falsity of the language is immaterial. The fraud consists of FNBL's input in the information and its subsequent denial of authorship.

In response, FNBL urges the court to adopt the magistrate's recommendation. It argues that the magistrate correctly found that FNBL committed no fraud on the court. FNBL counters the Sureties' charge of improper influence, in part, with deposition testimony of the prosecuting Assistant United States Attorney, Alexander T. Taft, Jr.

Taft testified that an attorney for FNBL, Patrick Ardis, wanted language in the charging paragraph of the information that connected Dewitt's statements to the bank's reliance them.[11] Taft said that he already had placed that language in the information but included it again at FNBL's request.[12] He testified that he initially inserted the "relied upon" language to avoid a later legal challenge.[13] Taft testified that the language of the information and the decisions about which language and charges to include or exclude were solely his.[14] He admitted, however, that he consulted with employees of the U.S. Attorney's office and representatives of FNBL because it was the victim in this case.[15]

### b. Unreliability of the Plea

The Sureties ask the court to exclude the pleas because they are unreliable. They argue that the judge who first rejected then accepted Dewitt's guilty plea was legally disqualified[16] from presiding because he knowingly possessed a financial interest in FNBL's holding company.[17] This financial

8. The Sureties argue that the magistrate erred in not considering expert testimony. The court, in an abundance of caution and in accordance with its *de novo* review of the magistrate's recommendation, considers the testimony of those experts: the Honorable Charles Clark, former chief judge of the United States Court of Appeals for the Fifth Circuit; the Honorable Fred Cassibry, former judge in the United States District Court for the Eastern District of Louisiana; the Honorable Benjamin R. Civiletti, former United States Attorney General; John Volz, former United States Attorney for the Eastern District of Louisiana; and professor Geoffrey Hazard of Yale Law School, an expert on legal ethics. The Sureties contend that this expert testimony would help the court understand the standard of conduct applicable to the players in Dewitt's prosecution and the way in which their conduct fell short of those standards.

9. The Sureties allege that FNBL persuaded the U.S. Attorney's office to add to the superseding information the following language that would help FNBL prove its civil claim: That Dewitt committed acts "willfully and knowingly, with the intent to injure and defraud the Bank" and that the bank relied on Dewitt's actions to its detriment. The Sureties argue that such language is unnecessary to establish criminal liability under to the statute to which Dewitt pleaded guilty. Its only purpose, they contend, is to bolster FNBL's civil claim.

10. The Sureties allege that FNBL convinced the U.S. Attorney to increase the counts of the superseding information from four to eight.

11. Dep. of Alexander T. Taft, Jr. May 5, 1993, at 136; Ex. 4, FNBL's Mem. in Opp'n.

12. Taft Dep. at 137.

13. Taft Dep. at 136–37.

14. Taft Dep. at 16, 130, 137, 145.

15. Taft Dep. at 16, 137, 145, at 398.

16. The Sureties claim that the judge was disqualified by 28 U.S.C. § 455(a), (b)(4) which provide, in pertinent part, that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall disqualify himself when he knows that he has a financial interest or any other interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(a), (b)(4).

17. The Sureties allege that Judge Ballantine had a significant financial interest in FNBL's holding company, First Kentucky National Corporation, between 1985 and 1990. They allege that he held stock ·valued from $100,000 to more than

interest establishes the inherent unreliability of the guilty plea, the Sureties argue.

FNBL responds that the judge disclosed his ownership of FNBL stock and offered to recuse himself but that the defense and prosecuting attorneys waived any objections or conflicts. Thus, the pleas are reliable, they argue.

### 3. "Fraud on the Court" Defined

The Federal Rules of Civil Procedure provide two standards for judging fraud on the court. The first, Fed.R.Civ.P. 60(b)(3), is aimed at unfairly obtained, not factually incorrect, judgments. *Rozier*, 573 F.2d at 1339. It provides for relief from judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct pursuant to Fed.R.Civ.P. 60(b)(3) must prove it by clear and convincing evidence. *Rozier*, 573 F.2d at 1339 (citing *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir.1949)). The conduct must have prevented the losing party from fully and fairly presenting its case or defense. *Rozier*, 573 F.2d at 1339 (citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 464, 67 L.Ed. 719 (1923)); *Optimal Health Care Services, Inc. v. Travelers Ins. Co.*, 801 F.Supp. 1558, 1561 (E.D.Tex.1992).

Fraud under the second standard, Rule 60(b)'s more stringent savings clause,[18] is a limited type of fraud. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978).[19] It is fraud (1) that attempts or succeeds in defiling the court or (2) that is perpetrated by officers of the court and prohibits the court from performing the impartial task of judging cases. *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir.1980); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2870 (1973) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Relief based upon this kind of fraud is reserved for the most egregious misconduct[20] and requires a showing of an unconscionable scheme designed to improperly influence the court. *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.) *cert. denied*, 493 U.S. 977, 110 S.Ct. 504, 107 L.Ed.2d 506 (1989). When the court finds such fraud, it should vacate the judgment and deny all relief to the guilty party. 11 C. Wright & A. Miller, at § 2870.[21]

### 4. Analysis

### a. FNBL's Manipulation of the Criminal Proceeding

The Sureties do not delineate which of two possible portions Fed.R.Civ.P. 60 they

$250,000 during those years. They further allege that the judge's deceased father served on FNBL's board of directors and that his brother once was an FNBL officer. Judge Ballantine died in February, 1992.

18. The savings clause provides: "This rule does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court." *See Rozier*, 573 F.2d at 1338 n. 1 (citing *Dausuel v. Dausuel*, 195 F.2d 774 (D.C.Cir.1952)).

19. The distinction between the types of fraud is rooted in policies basic to the laws of judgment. Fed.R.Civ.P. 60(b)(3) speaks to the court system's policy of ending litigation by restricting relief available more than one year after judgment. *Rozier*, 573 F.2d at 1338 (citing *Hazel–Atlas Glass Co.*, 322 U.S. at 242–244, 64 S.Ct. at 1000).

20. Courts identify such conduct as bribery of a judge or jury or a party's fabrication of evidence

in which an attorney is implicated. *Rozier*, 573 F.2d at 1338 (citing *United States v. International Telephone & Telegraph Corp.*, 349 F.Supp. 22, 29 (D.Conn.1972) *aff'd without opinion*, 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973)). Misconduct such as nondisclosure of facts allegedly pertinent to the matter before the court ordinarily will not constitute fraud on the court. *Rozier*, 573 F.2d at 1338 (citing *Kupferman v. Consolidated Research & Mfg. Co.*, 459 F.2d 1072 (2d Cir.1972)).

21. Fraud on the court arguments generally arise during motions for relief from judgment pursuant to Fed.R.Civ.P. 60(b). While no final judgment exists in this case, the court determines that the same principals apply in proceedings before final judgment. By considering the arguments now, the court attempts to avoid the necessity of a post-judgment Rule 60(b) motion that almost certainly would be grounded on the same facts.

believe applicable to the questioned conduct. Thus, the court must consider both. The court first considers the questioned acts in the context of Fed.R.Civ.P. 60(b)(3) under which the conduct must have prevented the losing party from fully and fairly presenting its case or defense. Because no judgment has been entered in this matter,[22] the court is procedurally barred from considering the Rule 60(b)(3) motion.[23]

In an abundance of caution, the court considers the questioned conduct as if the procedural bar did not exist, that is, as if a judgment had been entered against the Sureties, who are the movants here. The Sureties argue that the facts of this case track the facts of *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*,[24] decided by the Supreme Court almost fifty years ago. A brief look at that seminal case is instructive.

In *Hazel–Atlas*, the defendant prepared and arranged for publication in a trade journal a favorable article signed, but not actually written by, an independent expert. Both the Patent Office and the court relied on the article in making their respective decisions. *Hazel–Atlas*, 322 U.S. at 239–42, 64 S.Ct. at 998–99. The court found that Hartford carefully planned and executed a deliberate scheme to defraud the Patent Office and the Third Circuit Court of Appeals. *Id.* at 245–47, 64 S.Ct. at 1001. The Court placed emphasis on the fact that the article was effective as evidenced by the patent Hartford obtained and its victory in the Third Circuit. *Id.* at 247–49, 64 S.Ct. at 1002. The article's truth was not a defense, the Court found. "The article, even if true, should have stood or fallen under the only title it could honestly have been given—that of a brief in behalf of Hartford prepared by Hartford's agents, attorneys and collaborators." *Id.* at 247, 64 S.Ct. at 1002.

■ The court finds *Hazel–Atlas* instructive but distinguished from the instant case.

Here, unlike in *Hazel–Atlas*, the court's reliance on the superseding information is not the definitive issue. Even if FNBL's input affected the document, it did so with the Assistant U.S. Attorney's knowledge and consent. Indeed, without his assent and his affirmative acts, the additional language could not find its way into the document. The Sureties suggest that impropriety existed between the Assistant U.S. Attorney and FNBL representatives. However, the Sureties contacted the Department of Justice's Office of Professional Responsibility about the conduct of persons in the U.S. Attorney's Office in Louisville, Kentucky and an investigation is apparently ongoing.

The Sureties have not proved by clear and convincing evidence that they have been prevented from fully and fairly presenting their defense. The actions of FNBL and its representatives do not amount to fraud on the court even if, as the Sureties allege, FNBL was successful in adding charges and language to the superseding information and failed to acknowledge its role in doing so. While the court believes that the conduct of FNBL and its representatives has been less than exemplar, it cannot find that such conduct rises to the level of a fraud on the court. Because the court finds that no fraud has been perpetrated on the court pursuant to the less exacting standard of Fed.R.Civ.P. 60(b)(3), it is unnecessary to analyze the facts of this case under the more stringent Rule 60(b) "savings clause" standard.

#### b. *Unreliability of the Pleas*

■ The court need not decide whether Judge Ballantine should have recused himself because his nonrecusal could not taint the proceedings. Accepting the Sureties' allegations and assertions of applicable law for purposes of deciding this motion, Judge Ballantine's participation in the criminal case cannot amount to a fraud on the court pursu-

---

**22.** This court's entry of summary judgment was reversed and remanded by the Fifth Circuit on May 18, 1992. *Lustig*, 961 F.2d 1162. Thus, that judgment is not in effect and cannot be considered here. A new trial is scheduled for Oct. 12, 1993.

**23.** For the court to hold before trial that a party has been prevented from presenting its case or defense would require the court to become a prognosticator, a role that would prove not only improper but inefficient and, perhaps, inaccurate.

**24.** 322 U.S. 238, 64 S.Ct. 997 (1944).

ant to Fed.R.Civ.P. 60(b)(3).[25] The judge made no determination of guilt. FNBL establishes that the judge disclosed his financial interest in the holding company.[26] Judge Ballantine's participation did not affect Dewitt's voluntary admission of guilt made as the result of a plea agreements with the U.S. Attorney.

## B. PREREQUISITES FOR ADMISSION OF PLEAS

The Sureties ask the court to exclude the guilty pleas on grounds that FNBL has not met requirements imposed by the court as a prerequisite for their admission. This issue was mooted by the discovery period conducted prior to the magistrate's hearing in this matter. *See* Letter of Matt J. Farley, September 3, 1993.

### C. HEARSAY

The Sureties argue that evidence relating to Dewitt's guilty pleas is inadmissible hearsay because it is offered against a third party, the Sureties, to prove the truth of the statements made in the plea. No exceptions to the hearsay rule apply, they argue.

FNBL responds that one exception to the hearsay rule, Fed.R.Evid. 803(22), makes the conviction admissible because it proves a fact essential to sustain judgment in the civil case. The guilty pleas bear on Dewitt's purpose of injuring or defrauding the bank and, thus, are relevant and probative proof that the jury should consider in deciding whether Dewitt acted with manifest intent to cause FNBL's loss.

Rule 802 of the Federal Rules of Evidence precludes the admissibility of hearsay, which is an out of court statement used to prove the truth of the matter asserted. Fed.R.Evid. 803(22) allows the admissibility in a subsequent criminal or civil proceeding of judgments of previous conviction,[27] regardless of the declarant's availability. The rule, in pertinent part, provides that evidence is admissible of a final judgment entered upon a guilty plea that adjudges one guilty of a crime punishable by more than one year in prison when it is used to prove any fact essential to sustain the judgment. Fed.R.Evid. 803(22).

The Notes of the Advisory Committee on Rules provides that three possibilities must be noted when considering the status of a former judgment in subsequent litigation. The former judgment may (1) be conclusive under the doctrine of res judicata, (2) be admissible in evidence "for what it is worth," or (3) have no effect at all. When, as here, the doctrine of res judicata does not deal with the substantive effect of the judgment as a bar or collateral estoppel, then the second or third alternative must be chosen. The second is applicable for judgment of criminal conviction of felony grade. Notes of the Advisory Committee, Fed.R.Evid. 803(22) (citing 18 A.L.R.2d 1287, 1299). Rule 803(22) does not make the prior conviction conclusive evidence of the facts determined in the first action but, instead, allows the party to offer an explanation. Weinstein's Evidence, ¶ 803(22)[01] at 356–57.

■ Here, the Dewitt pleaded guilty to a felony pursuant to 18 U.S.C. § 1005. Thus, the plea upon which he was adjudged guilty and was subsequently sentenced is admissible in evidence "for what it is worth." Dewitt's withdrawn guilty plea is not admissible pursuant to Fed.R.Evid. 803(22) because he was not adjudged guilty under it.

### D. PREJUDICIAL EFFECT OF PLEAS

■ The Sureties argue that Fed.R.Evid. 403 prohibits admission of the guilty pleas because the danger of confusing and misleading the jury substantially outweighs the probative value of the pleas. They argue that the jury likely would give undue weight to a guilty plea in determining whether Dewitt

25. Because the Sureties do not meet their burden under the less strict 60(b)(3) test, they cannot meet the burden of the more stringent "savings clause" test. Thus, the court does not reach the merits of that argument.

26. Doc. 1634, Mem. of FNBL in Opp'n to Sureties' Mot. to Prohibit Use of Guilty Pleas and Stay Proceedings to Conduct Investigation of Possible Fraud Upon Court; Ex. 4, Aff. of David Lambertus; Ex. 5, Aff. of Frank E. Haddad; Ex. 7, Aff. of Hancy Jones, III.

27. Weinstein's Evidence ¶ 803(22)[01] at 350.

committed dishonest or fraudulent acts with manifest intent as defined in the bond. The pleas' prejudicial effect is reinforced by their inherent unreliability, they argue. FNBL responds that the pleas are prejudicial because they are relevant and probative. However, they are not unfairly so and, as such, should be admitted, they argue.

Fed.R.Evid. 403 provides, in pertinent part, that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,[28] confusing the issues or misleading the jury.

The court must balance the probative value of and need for the evidence against the harm likely to result from its admission. Notes of Advisory Committee. Exclusion on this ground is an extraordinary remedy that the court must use sparingly. *Herrington v. Hiller,* 883 F.2d 411, 414 (5th Cir.1989) (citing *Dartez v. Fibreboard Corp.,* 765 F.2d 456, 461 (5th Cir.1985)).

That fact that two pleas exist does not make them unfairly prejudicial, confusing or misleading for the jury. *See Moss v. Ole South Real Estate, Inc.,* 933 F.2d 1300, 1309 (5th Cir.1991). Indeed, the jury may weight the fact of and reasons for the withdrawn and accepted pleas. The question here is one of weight, not admissibility. Thus, the court finds that the guilty pleas should not be excluded on Fed.R.Evid. 403 grounds.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that:

(1) The Magistrate's recommendation that the guilty pleas be admitted is **ADOPTED,** and defendant's motion to exclude Kevin Dewitt's guilty pleas because they are the result of a fraud on the court is **DENIED.**

(2) The Sureties' motion to exclude the guilty pleas on grounds that plaintiff has not complied with the court's prerequisites for their admission is **DENIED as MOOT.**

(3) The Sureties' motion to exclude the guilty pleas on hearsay grounds is **DENIED.**

(4) The Sureties' motion to exclude the guilty pleas on grounds that they are unfairly prejudicial, confusing or misleading for the jury is **DENIED.**

---

**28.** Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, an emotional one. Notes of Advisory Committee.