Govindaswamy NAGARAJAN,
Plaintiff–Appellant,

v.

Sandra SCHEICK, in her official capacity and individually; Bobby Lovett, in his official capacity and individually; Augustus Bankhead, in his official capacity and individually; James Hefner, in his official capacity and individually; Kieyana Carter; Andre Chisley; Joseph Darnell; Jerome Dooley; Thea Eliezer; Duriel Gray; Tracy Henriques; Jay Johnson; Theodore Krotulski; Timothy Mao; Yolanda McCall; Leah McClerkin; Camelia Mitchell; Chane Price; Joan Rogers; Katrina Rogers; Keisha Sims; Ebony Smith; Charles Stahl–Bussell; Leslie Toomer; Soumayah Walton; Kalea Whitmore; Maritza Williams; Cedric Words; Tennessee State University, Defendants–Appellees.

No. 00–5896.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.[*]

Govindaswamy Nagarajan, a Tennessee resident proceeding pro se, appeals a district court order denying his motion for post-judgment relief in this discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking sixty million dollars in damages, Nagarajan sued Tennessee State University ("TSU"), four members of the TSU administration, and twenty-four TSU students. Nagarajan alleged that the defendants conspired to discriminate against him on the basis of age, race, and nationality in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5; due process; and state law when the students filed a written complaint about his teaching and the TSU administration officials did not take appropriate action. The TSU defendants and some of the student defendants filed motions to dismiss under Fed. R.Civ.P. 12(b)(1) and (6). In an order entered March 30, 2000, the district court granted the motions and sua sponte dismissed the action with respect to the remaining student defendants. Nagarajan filed a motion to vacate the order under Fed.R.Civ.P. 60(b)(3) on April 14, 2000, alleging that the defendants forged signatures on the students' letter of complaint. The district court denied the motion in an order entered June 28, 2000. It is from that order that Nagarajan appeals.

On appeal, Nagarajan argues that: (1) he established that some of the students' signatures on the letter of complaint were forged; and (2) the district court overlooked the statements from seven students that they signed the letter of complaint without knowing its contents.

Initially, we note that the only issue in this appeal concerns the propriety of the district court's decision to deny Nagarajan's post-judgment motion. The underlying judgment is not reviewable because the notice of appeal was filed more than thirty days after entry of the judgment. *See* Fed. R.App. P. 4(a); *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Moreover, the notice of appeal specifically states that the appeal is taken from the June 28, 2000, order denying the Rule 60 motion. *See* Fed. R.App. P. 3(c)(1)(B); *United States v. Universal Mgmt. Servs.*, 191 F.3d 750, 756–57 (6th Cir.1999), *cert. denied*, 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1005 (2000). Thus, only the district court's ruling on Nagarajan's Rule 60(b)(3) motion is properly before this court.

■ This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996).

■ Upon review, we conclude that the district court did not abuse its discretion when the court denied Nagarajan's Rule 60(b)(3) motion because Nagarajan did not establish fraud by clear and convincing evidence. *See Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir.1983). He attempted to cast doubt on the authenticity of the students' signatures on the petition by comparing them with their names as written on tests. The district court found that the signatures were similar, and that

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

most of the discrepancies could be attributed to the fact that many of the students printed their names on the exams but signed the petition in cursive. Moreover, Nagarajan did not submit proof from any of the students that the signatures were forged. We are not persuaded that the district court relied on clearly erroneous findings of fact, improperly applied the law, or used an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

Nagarajan's argument that he has proved that the signatures were forged because the students did not oppose his Rule 60(b)(3) motion or sign affidavits declaring that the signatures on the letter of complaint were authentic is without merit. Nagarajan, not the students, had the burden of proof. *See Simons,* 715 F.2d at 1253.

Nagarajan's argument that the district court overlooked the statements from seven students that they signed the letter of complaint without knowing its contents is also without merit. First, these were unsworn statements. A district court may consider matters outside the pleading when ruling on a motion to dismiss and treat the motion as one for summary judgment. *See* Fed.R.Civ.P. 12(b); *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 204 (6th Cir.1998). To be considered under Rule 56, however, statements must be admissible and sworn. *See* Fed.R.Civ.P. 56(e); *Carter v. Western Reserve Psychiatric Habilitation Ctr.,* 767 F.2d 270, 273 n.2 (6th Cir.1985). Second, even if accepted as true, the statements establish only that other students requested the signatures. The students could not be liable because they are not state actors, *see Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), and the statements would not have established that the TSU defendants were liable to Nagarajan.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.