# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 1, 2003

# GOVINDASWAMY NAGARAJAN v. SANDRA SCHEICK, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 00-246-III    Ellen Hobbs Lyle, Chancellor

-------

### No. M2000-02323-COA-R3-CV - Filed December 19, 2003

-------

This appeal is an outgrowth of complaints filed by a group of Tennessee State University students regarding the performance of their physics professor. After the students complained to the university, the professor filed a pro se complaint in the Chancery Court for Davidson County against the Tennessee Board of Regents, the university, four university administrators, and twenty-four students, alleging breach of contract, defamation, intentional infliction of emotional distress, and discrimination based on age, race, and national origin. The trial court dismissed the professor's complaint in its entirety in response to motions to dismiss filed by the university defendants and a number of the student defendants. The professor then filed serial "motion[s] to vacate the order of dismissal for just cause." The trial court denied the first motion and, treating the second motion as a Tenn. R. Civ. P. 60.02(2) motion, also denied the second. On this appeal, the professor seeks to raise twelve issues regarding the merits of his claim. However, the only matter properly before us is the denial of his second "motion to vacate the order of dismissal for just cause." We have determined that the trial court properly denied this motion. We have also determined that this appeal is frivolous.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM B. CAIN, J., joined.

Govindaswamy Nagarajan, Hermitage, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and William J. Marett, Jr., Assistant Attorney General, for the appellees, Sandra Scheik, Bobby Lovett, Augustus Bankhead, James Hefner, Tennessee State University, and the Tennessee Board of Regents.

Robert L. Smith, Nashville, Tennessee, for the appellees, Yolanda McCall, Theodore Krotuiski, Camelia Mitchell, and Soumayah Walton.

# OPINION

## I.

Dr. Govindaswamy Nagarajan, a native of Kalyanapuram, India, holds two doctorate degrees from Annamalai University. He immigrated to the United States in 1962 and became an American citizen in 1977. In August 1980, Dr. Nagarajan was hired as an Associate Professor of Physics at Tennessee State University ("TSU"). He was denied tenure during both the 1985-86 and 1986-87 academic years and was terminated by TSU at the close of the 1989-90 academic year. Following protracted litigation in the United States District Court for the Middle District of Tennessee,[1] TSU reinstated Dr. Nagarajan at the start of the 1997-98 academic year, and the Tennessee Board of Regents awarded him tenure in June 1998.

Dr. Nagarajan taught Physics 211 during the fall semester of the 1998-99 academic year. In December 1998, twenty-four of the thirty-six students in his class filed a complaint about his performance with Dr. Sandra Scheick, the chairperson of TSU's Department of Physics and Mathematics. The students alleged that Dr. Nagarajan had failed to attend posted office hours, to return telephone calls from students after repeated attempts to contact him, to correct grading inaccuracies in his grade book, and to address physics problems posed by students. They also asserted that Dr. Nagarajan had discouraged open dialogue with students, used profanity and derogatory remarks, and had degraded and embarrassed students by announcing their overall performance on graded assignments before the entire class.

Dr. Scheick informed Dr. Nagarajan of the complaints and asked to meet with him after Dean Bobby Lovett, the Dean of the College of Arts and Sciences, sent her five of the student complaints about Dr. Nagarajan's performance. Dr. Nagarajan insisted that the complaining students should be removed from his classes and laboratories because they "created a conflict." Dean Lovett declined to remove the students and informed Dr. Nagarajan that they had a right to remain in his class. The Dean also informed Dr. Schick that the students were also complaining that Dr. Nagarajan was pressuring them to sign petitions and letters renouncing their complaints. Five students made formal requests for adjustments in the grades they had received from Dr. Nagarajan. In February 1999, Dr. Nagarajan requested TSU's president to appoint a committee to investigate the students' complaints about him and to exclude Dean Lovett and Dr. Scheick from the committee. Approximately two weeks later, Dr. Scheick informed the five students that their requests to change their grades had been denied.

Dr. Nagarajan was not content to let the matter drop. In April 1999, he filed suit in the United States District Court for the Middle District of Tennessee against the Tennessee Board of Regents, TSU, four university officials, and twenty-four students, seeking damages for breach of

---

[1]The United States District Court awarded Dr. Nagarajan $511,019.10 in back pay and directed that he be reinstated as a full non-tenured professor. *Nagarajan v. Tennessee State Univ.*, 187 F.3d 637, 1999 WL 551369, at *2 (6th Cir. July 19, 1999) (unpublished table decision).

contract, defamation, intentional infliction of emotional distress, and discrimination based on age, race, and national origin. On January 25, 2000, while his federal action was still pending,[2] he filed a substantially identical pro se complaint in the Chancery Court for Davidson County against the same defendants seeking $70,000,000 in punitive damages. A substantial portion of the complaint – thirty-seven of fifty-four pages – rehashed the factual allegations in Dr. Nagarajan's former employment discrimination lawsuit.

Five of the student defendants moved to dismiss Dr. Nagarajan's state complaint because of his pending federal complaint seeking the same relief. In March 2000, the Tennessee Board of Regents, TSU, and the four university administrators also filed a motion to dismiss Dr. Nagarajan's complaint on a number of other grounds. On May 5, 2000, the trial court filed a memorandum and order dismissing Dr. Nagarajan's complaint against the university defendants and the student defendants who had not filed their own motion to dismiss. On May 30, 2000, the court entered an order dismissing the claims against the remaining five student defendants based on its May 5, 2000 order.

On June 5, 2000, Dr. Nagarajan filed a rambling, unfocused "motion to vacate the order of dismissal for just cause" directed at the trial court's May 5, 2000 order. Approximately three weeks later, he filed a forty-six page document entitled "additional facts supporting the motion to vacate the order of dismissal for just cause." On June 27, 2000, the trial court denied Dr. Nagarajan's motion.

On June 28, 2000, Dr. Nagarajan filed a second "motion to vacate the order of dismissal for just cause" directed at both the May 5 and June 27, 2000 orders. As grounds for this motion, he pointed to "the fraudulent acts of certain Defendants as they fabricated the documents and affixed the forged signatures to the document accusing the Plaintiff of misconduct." On July 14, 2000, Dr. Nagarajan filed a nineteen page document entitled "more additional facts supporting the motion to vacate the order of dismissal for cause." The trial court treated Dr. Nagarajan's June 28, 2000 motion as a Tenn. R. Civ. P. 60.02(2) motion and filed an order on August 11, 2000 denying it. Dr. Nagarajan filed his notice of appeal on September 8, 2000.

## II.
### THE SCOPE OF THIS APPEAL

Dr. Nagarajan seeks to raise twelve issues on this appeal, most of which involve the substance of the complaint that was dismissed by the trial court's May 5, 2000 order. We cannot consider eleven of these issues. Because of his lack of familiarity with the procedural rules, Dr. Nagarajan failed to file a timely notice of appeal from the dismissal of his complaint. Even though he is a pro se litigant, we cannot relieve him of the responsibility to adhere to the mandatory

---

[2]The United States District Court dismissed Dr. Nagarajan's complaint on March 30, 2000, and the United States Court of Appeals for the Sixth Circuit later affirmed the decision. *Nagarajan v. Scheick*, 8 Fed. Appx. 336, 2001 WL 278256, at *1 (6th Cir. Mar. 16, 2001).

requirements of the procedural rules. *Hodges v. Attorney General*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The trial court entered its order dismissing Dr. Nagarajan's complaint against the university defendants and most of the student defendants on May 5, 2000. However, this order was not final because it did not resolve Dr. Nagarajan's claims against five remaining students. The trial court dismissed these claims on May 30, 2000. The time for filing a notice of appeal began to run on May 30, 2000; however, the clock was stopped on June 5, 2000, when Dr. Nagarajan filed his first "motion to vacate the order of dismissal for just cause."[3] When the trial trial court denied his motion on June 27, 2000, the time for filing a notice of appeal challenging the May 5, 2000 order began to run again, and Dr. Nagarajan had thirty days within which to file a notice of appeal.

Dr. Nagarajan did not file a notice of appeal within thirty days following the entry of the June 27, 2000 order. Instead, he filed his second "motion to vacate the order of dismissal for just cause" on June 28, 2000. If this motion were construed as a Tenn. R. Civ. P. 59 motion, it would not have been permitted for two reasons. First, it was not filed within thirty days of the entry of the May 30, 2000 order.[4] Second, serial Tenn. R. Civ. P. 59 motions and motions to reconsider orders denying Tenn. R. Civ. P. motions are not permitted. Tenn. R. Civ. P. 59.01; Tenn. R. Civ. P. 59.02 cmt; *Gassaway v. Patty*, 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980). Accordingly, the trial court, liberally construing Dr. Nagarajan's motion, determined that it was, in essence, a Tenn. R. Civ. P. 60.02(2) motion. Thereafter, the trial court denied Dr. Nagarajan's second "motion to vacate the order of dismissal for just cause" on August 11, 2000, and Dr. Nagarajan finally filed a notice of appeal on September 8, 2000.

The trial court's decision to characterize Dr. Nagarajan's second "motion to vacate the order for just cause" as a Tenn. R. Civ. P. 60.02(2) motion is doubly significant. First, it enabled the trial court to consider the substantive merits of Dr. Nagarajan's motion. Second, it necessarily meant that Dr. Nagarajan's second motion did not suspend the time for filing a notice of appeal because Tenn. R. Civ. P. 60.02 motions are not among the limited number of motions with that effect.[5] Because the time for filing a notice of appeal from the June 27, 2000 order was not suspended, Dr. Nagarajan was required to file a notice of appeal on or before July 27, 2000 in order to challenge the May 30, 2000 order on appeal. Thus, his September 8, 2000 notice of appeal came too late, at least insofar as the May 5, 2000 order was concerned.

---

[3]The time for filing a notice of appeal is suspended by the timely filing of a Tenn. R. Civ. P. 59.02 or 59.04 motion. Tenn. R. App. P. 4(b). Dr. Nagarajan's motion is essentially a Tenn. R. Civ. P. 59.04 motion.

[4]Tenn. R. Civ. P. 59 motions must be filed within thirty days after the entry of the judgment. Tenn. R. Civ. P. 59.02.

[5]Tenn. R. Civ. P. 60.02 states that "[a] motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation." ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 12-3(k), at 895 (1999) ("TENNESSEE CIVIL PROCEDURE").

Dr. Nagarajan's pleading miscue does not leave him without any remedy. He filed a timely notice of appeal from the August 11, 2000 order dismissing his second "motion to vacate the order of dismissal for just cause." As a result, his notice of appeal preserves his right to challenge the correctness of that order and that order alone. *Oakley v. State*, No. W2002-00095-COA-R3-CV, 2003 WL 103215, at *5 (Tenn. Ct. App. Jan. 8, 2003); *Third Nat'l Bank v. Estes*, No. 84-142-II, 1986 WL 3155, at *3 (Tenn. Ct. App. Mar. 12, 1986), *perm. app. denied* (Tenn. May 4, 1987). Therefore, the scope of this appeal is limited to the twelfth issue in Dr. Nagarajan's declaration of issues: "Whether or not post-judgment relief, pursuant to Rule 60.02, should be granted when there existed conduct amounting to an intentional contrivance by both the State Defendants and Student Defendants to keep the Plaintiff and the Chancery Court in ignorance of the real facts touching the matters in litigation, whereby a wrong conclusion was reached, and positive wrong done to the Plaintiff's rights."

## III.
### RELIEF PURSUANT TO TENN. R. CIV. P. 60.02(2)

Dr. Nagarajan does not take issue with the trial court's characterization of his second "motion to vacate the order of dismissal for just cause" as a Tenn. R. Civ. P. 60.02(2) motion. However, he asserts that the trial court erred by denying his motion because of the fraudulent nature of the defendants' conduct in 1998 and 1999 that gave rise to this lawsuit. Dr. Nagarajan fails to understand that this pre-lawsuit conduct cannot, as a matter of law, provide grounds for relief under Tenn. R. Civ. P. 60.

Tenn. R. Civ. P. 60 motions are intended to strike a proper balance between the competing principles of finality and justice. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001). In the words of the Tennessee Supreme Court, they act "as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).

Tenn. R. Civ. P. 60.02(2) provides a procedural vehicle for seeking relief from a judgment obtained by fraud. The sort of fraud that triggers relief under Tenn. R. Civ. P. 60.02(2) must be fraud that prevented the moving party from fully and fairly presenting its case. *In re Estate of Williams*, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at *13 (Tenn. Ct. App. Apr. 28, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003); *Lee v. Lee*, No. 29, 1990 WL 90942, at *2 (Tenn. Ct. App. July 3, 1990) (No Tenn. R. App. P. 11 application filed); 11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2860, at 313 (2d ed. 1995) ("FEDERAL PRACTICE AND PROCEDURE").[6] It involves conduct that is directed at the judicial machinery itself, *Baltia Air Lines, Inc. v.*

---

[6]Because of the substantial similarities between Fed. R. Civ. P. 60(b) and Tenn. R. Civ. P. 60.02, the decisions of the federal courts construing Fed. R. Civ. P. 60(b) provide helpful guidance for our interpretation of Tenn. R. Civ. P. 60.02. *See Frazier v. East Tenn. Baptist Hosp.*, 55 S.W.3d 925, 929 (Tenn. 2001); *Harris v. Chern*, 33 S.W.3d 741, 745 n.2 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 211 n. 2 (Tenn. 1993); *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 n.7 (Tenn. Ct. App. 1995).

*Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C.Cir. 1996); *In re Whitney-Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir. 1985), and that occurs between the time the lawsuit is filed and the entry of the final judgment. *Optimal Health Care Servs. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992).

Relief under Tenn. R. Civ. P. 60.02(2) is not available to correct judgments that are simply incorrect. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). It is likewise unavailable when the moving party is merely attempting to relitigate the merits of its case. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *Mastini v. American Telephone & Telegraph Co.*, 369 F.2d 378, 379 (2d Cir. 1966);*Optimal Health Care Servs., Inc. v. Travelers Ins. Co.*, 801 F. Supp. at 1561; FEDERAL PRACTICE AND PROCEDURE § 2860, at 314.

The party seeking relief under Tenn. R. Civ. P. 60.02(2) has the burden of proving that it is entitled to relief. *Trice v. Moyers*, 561 S.W.2d 153, 156 (Tenn. 1978); *Holt v. Holt*, 751 S.W.2d 426, 428 (Tenn. Ct. App. 1988); FEDERAL PRACTICE AND PROCEDURE § 2860, at 312. To be entitled to relief under Tenn. R. Civ. P. 60.02(2), a moving party must describe its grounds for relief with the particularity required by Tenn. R. Civ. P. 9.02, *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990); TENNESSEE CIVIL PROCEDURE § 5-5(f), at 232 (1999), and must prove by clear and convincing evidence that it is entitled to relief. *Duncan v. Duncan*, 789 S.W.2d at 563; FEDERAL PRACTICE AND PROCEDURE § 2860, at 312-13.

A motion for relief based on Tenn. R. Civ. P. 60.02(2) lies within the sound discretion of the trial court. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d at 18; *Davidson v. Davidson*, 916 S.W.2d 918, 923 (Tenn. Ct. App. 1995). On appeal, our scope of review is limited to determining whether the trial court abused its discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d at 97; *Howard v. Howard*, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999); *Davidson v. Davidson*, 916 S.W.2d at 923.

Dr. Nagarajan's second "motion to vacate the order of dismissal for just cause" centers around the filing and administrative disposition of the students' complaint about his performance in 1998 and 1999. He repeatedly refers to the "fraudulent acts of certain [d]efendants as they fabricated the documents and affixed the forged signatures to the document accusing the [p]laintiff of misconduct." The motion does not allege any fraudulent conduct between January 25, 2000, when he filed his complaint and May 30, 2000, when the trial court dismissed it. Accordingly, because his second motion is nothing more than an attempt to relitigate the merits of his original complaint, Dr. Nagarajan has failed to demonstrate that he is entitled to relief pursuant to Tenn. R. Civ. P. 60.02(2).

## IV.
### DAMAGES FOR A FRIVOLOUS APPEAL

Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct.

App. 1999); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, in 1975, the General Assembly enacted Tenn. Code Ann. § 27-1-122 (2000) to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985). While it is customary for the appellee to request damages under Tenn. Code Ann. § 27-1-122, appellate courts may determine that an appeal is frivolous on their own motion. However, appellate courts should be careful not to discourage legitimate appeals. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001); *Knowles v. State*, 49 S.W.3d 330, 341 (Tenn. Ct. App. 2001).

A frivolous appeal is one that is devoid of merit or that has no reasonable chance of success. *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978); *Wakefield v. Longmire*, 54 S.W.3d at 304; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). The appellant's inability to cite any evidence or legal principle that would warrant granting relief on appeal is a sign of frivolity. *Wells v. Sentry Ins. Co.,* 834 S.W.2d 935, 938-39 (Tenn. 1992); *Jackson v. Aldridge,* 6 S.W.3d at 504.

Dr. Nagarajan sought this appeal to obtain appellate review of the trial court's May 5, 2000 order dismissing his complaint against the university defendants and the student defendants. Because of his failure to comply with the applicable procedural rules, by the time his case reached this court, no basis existed that would enable us to review the trial court's dismissal of his complaint. Dr. Nagarajan has failed to cite any law to support any of his legal arguments. The appellees have incurred attorneys fees and other costs as a result of Dr. Nagarajan's insistence on pursuing this appeal when, viewed objectively, he had no reasonable chance to prevail. Accordingly, we have determined that the appellees are entitled to damages under Tenn. Code Ann. § 27-1-122. On remand, the trial court shall hold a hearing to determine the damages and shall then give an appropriate judgment to the appellees in accordance with Tenn. Code Ann. § 27-1-122.

## V.

We affirm the August 11, 2000 order denying Dr. Nagarajan's second "motion to vacate the order of dismissal for just cause"[7] and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to Dr. Govindaswamy Nagarajan for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., J.

---

[7]The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).